**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WILMA PORTER and TERRY PORTER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-187-R** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Stay Deadlines [Doc. No. 56], which is fully briefed [Doc. Nos. 67, 71] and Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment and Motion to Strike [Doc. No. 72].[1]

Plaintiffs seek a stay of all remaining scheduling order deadlines due to outstanding substantive and discovery matters, including a pending motion to remand and multiple discovery motions. Plaintiffs also seek an order extending the deadline to respond to State Farm's Motion for Summary Judgment and Motion to Strike until the discovery motions have been resolved. State Farm opposes the request, arguing that a continued delay of this case is prejudicial and unwarranted, particularly given that State Farm has made every effort to comply with the scheduling order deadlines.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself,

---

[1] In the interest of efficiency, this order has issued prior to expiration of the time to file a response brief for this motion. The Court notes Defendant's objection to the requested relief.

for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In considering whether a stay is appropriate, a court "must weigh competing interests and maintain an even balance." *Id.* The burden is on the party requesting a stay to "make out a clear case of hardship or inequity in being required to go forward." *Id.*

The Court is persuaded that a stay of the remaining deadlines is warranted. There are several significant discovery issues that impact Plaintiffs' ability to prepare its case and respond to State Farm's dispositive motion. There is also a pending motion challenging the Court's subject matter jurisdiction that must be resolved before the case can proceed further.

Accordingly, Plaintiffs' Motion to Stay Deadlines [Doc. No. 56] and Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment and Motion to Strike [Doc. No. 72] are GRANTED. The unexpired deadlines, including the deadline to respond to the Motion for Summary Judgment and Motion to Strike, are stricken. A revised scheduling order will be entered following a decision on the discovery and other motions.

IT IS SO ORDERED this 7th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE