UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WILMA PORTER and TERRY PORTER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-187-R** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## **ORDER**

Before the Court is Plaintiffs' Renewed Motion to Remand [Doc. No. 55], which is fully briefed [Doc. Nos. 73, 75] and at issue.

Plaintiffs argue that the Supreme Court's recent decision in *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. ___, 146 S. Ct. 724 (2026), warrants remanding this action to state court. In *Hain Celestial*, 146 S. Ct. at 728, the Supreme Court considered "whether a district court's erroneous dismissal of a nondiverse party before final judgment can cure a jurisdictional defect that existed when the case was removed to federal court." The Supreme Court answered the question in the negative, concluding the district's court's final judgment must be vacated. *Id.* Notably, *Hain Celestial* did not evaluate whether the district court's improper joinder decision was or was not correct. *Id.* at 730.

*Hain Celestial* did not address the fraudulent joinder standard and does not provide a basis for reconsidering the Court's prior order denying remand. *See Skidmore v. Schinke,* No. 25-1436, 2026 WL 860093, at *3 (4th Cir. Mar. 30, 2026) (noting that the Fourth

Circuit's fraudulent joinder standard remains good law even after *Hain Celestial*).[1] As to Plaintiffs belief that *Hain Celestial* counsels in favor of remand because it recognizes the risk of a post-merits reversal for lack of subject matter jurisdiction, that

> possible problem would appear to exist in every federal case, particularly where jurisdiction is questioned. But district courts often have to make difficult decisions. The district courts are not free to limit federal jurisdiction to avoid error.

*Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1252 n.5 (D.N.M. 2010). In any event, the Tenth Circuit already takes a strict approach to fraudulent joinder which accords with the presumption against removal jurisdiction, *see, e.g., Dutcher v. Matheson,* 733 F.3d 980, 988 (10th Cir. 2013), and which this Court applied in denying remand.

In re-urging their request for remand, Plaintiffs also point to other cases involving similar claims where the district court granted remand and/or the state court denied a motion to dismiss. But the issue here is whether the nondiverse defendant in this case is fraudulently joined, not whether there is a possibly viable claim against a different defendant in a different case. Further, although the allegations in many of these cases are similar, they are not always identical. *See Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-00092-JD, 2025 WL 2918045, at *6 (W.D. Okla. Oct. 14, 2025) (denying remand and recognizing "a notable difference" between the allegations in different cases). Here, for the reasons explained in the Court's prior orders, *see* Doc. Nos. 16, 24, Plaintiffs' own

---

[1] *See also Waller v. State Farm*, No. 25-CV-00448-SH, 2026 WL 880234, at *6 (N.D. Okla. Mar. 30, 2026) (denying remand post-*Hain Celestial* in a case with materially similar allegations); *Robbins v. State Farm,* No. CIV-25-324-G, 2026 WL 878449, at *6 (W.D. Okla. Mar. 30, 2026) (same); *Schettler v. State Farm Fire & Cas. Co.*, CIV-25-845-JD (W.D. Okla. Apr. 6, 2026) (same).

allegations and the other material in the record established that the nondiverse defendant was fraudulently joined.

Plaintiffs have not shown that reconsideration of these issues is appropriate or that the action should be remanded for a lack of subject matter jurisdiction. Plaintiffs' Renewed Motion to Remand [Doc. No. 55] is therefore DENIED.

IT IS SO ORDERED this 21st day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE